**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  09-cr-00360-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  ARTURO SILVA,

    Defendant.

## ORDER RE: PRETRIAL MOTIONS

**Blackburn, J.**

The matters before me are (1) the **Motion for Disclosure Pursuant to Rule 404(b) and 609, Federal Rules of Evidence** [#86][1] filed February 11, 2010; (2) the **Motion To Disclose And Produce *Brady* (Exculpatory) Material** [#87] filed February 11, 2010; (3) the **Motion for Preservation of Tapes And Notes** [#88] filed February 11, 2010; (4) the **Request for Notice by Government of Intent To Introduce Evidence Pursuant to Rule 807, F.R.E.** [#89] filed February 11, 2010; (5) the **Motion for Production of *Bruton* And 801(D)(2)(e)** (sic) **Materials And Motion for Pretrial Determination of Alleged Co-Conspirator Statements** [#90] filed February 11, 2010; and (6) the **Motion To Compel Disclosure of Existence And Substance of Promises of Immunity, Leniency or Preferential Treatment** [#91] filed February 11, 2010. On

---

[1] "[#86]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

February 23, 2010, the government filed a consolidated response [#96].

In fashioning my ruling I have considered all relevant adjudicative facts in the file and record of this case. I have considered, but not necessarily accepted, the reasons stated, arguments advanced, and authorities cited by counsel in their papers.

Concerning the **Motion for disclosure Pursuant to Rule 404(b) and 609, Federal Rules of Evidence** [#86] filed February 11, 2010, I find and conclude that the government does not intend to introduce evidence under either Fed.R.Evid. 404(b) or 609. Thus, the motion should be denied as moot.

Concerning the **Motion To Disclose And Produce *Brady* (Exculpatory) Material** [#87] filed February 11, 2010, I find and conclude that based on the government's response, there is no such evidence to disclose.[2] Thus, this motion should be denied as moot.

Concerning the **Motion for Preservation of Tapes And Notes** [#88] filed February 11, 2010, I find and conclude that the discovery requested is not required under the Jencks Act, 18 U.S.C. § 23500, or Supreme Court or Tenth Circuit precedent. Further, to the extent that any such note or tapes contain discovery to which the defendant is entitled under Rule 16, as codified and construed, and under ***Brady, Bagley, Giglio***,[3] and their progeny, such discovery has been provided. Thus, this

---

[2] In its response, the government represents that if such evidence comes to its attention, ". . . the defendant will be notified well in advance of trial." *See* Consolidated Response [#96] at 2, ¶ 2. I intend to hold the government to its word.

[3] The reference to "***Brady, Bagley, Giglio***," is a reference to ***Brady v. Maryland***, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); ***United States v. Bagley***, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); and ***Giglio v. United States***, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

motion should be denied.[4]

Concerning the **Request for Notice by Government of Intent To Introduce Evidence Pursuant to Rule 807, F.R.E.** [#89] filed February 11, 2010, I find and conclude that the government does not intend to offer evidence under Fed.R.Evid. 807. Thus, this motion should be denied as moot.

Concerning the **Motion for Production of *Bruton* And 801(D)(2)(e)** (sic) **Materials And Motion for Pretrial Determination of Alleged Co-Conspirator Statements** [#90] filed February 11, 2010, I find and conclude (1) that there will be no joint trial of codefendants; thus, by definition there is no ***Bruton***[5] issue; (2) that any co-defendant who testifies will be available for confrontation and cross-examination; and (3) that in lieu of a ***James***[6] proffer or hearing, the government should be required to prove up the foundational predicate for the admission of evidence offered under Fed.R. Evid. 802(d)(2)(e), failing which, such evidence should be excluded. Thus, this motion should be denied.

Concerning the **Motion To Compel Disclosure of Existence And Substance of Promises of Immunity, Leniency or Preferential Treatment** [#91] filed February

---

[4] In further support of my ruling on this discrete motion, I approve, adopt, and incorporate the reasons stated, arguments advances, and authorities cited by the government in its consolidate reponse. *See* Consolidated Response [#96] at 2-4, ¶¶ 3-8.

[5] So named for ***Bruton v. United States**,* 391 U.S. 123, 88 S.Ct.1620, 20 L.Ed.2d 476 (1968). In ***Bruton*** the Supreme Court held that the Sixth Amendment's Confrontation Clause with its concomitant right to confront adverse witnesses is violated if the defendant's non-testifying codefendant makes an extrajudicial confession that directly and expressly implicates the defendant and the Government introduces the confession into evidence at their joint trial, even if the jury is instructed to consider the confession only against the codefendant. ***See United States v. Glass**,* 128 F.3d 1398, 1403 (10th Cir.1997); ***United States v. Hill**,* 901 F.2d 880, 883 (10th Cir.1990).

[6] So named for ***United States v. James***, 590 F.2d 575 (5th Cir. 1979), ***cert. denied***, 99 S.Ct. 2836 (1979).

11, 2010, I find and conclude (1) that defendant has been provided *pro tanto* the discovery of this ilk to which he is entitled under Rule 16, as codified and construed, and under ***Brady, Bagley, Giglio***, and their progeny; (2) that no discreet or specific discovery violations are alleged; and (3) that defendant is not now entitled to discovery beyond that already provided by the government or otherwise available to him through, for example, the court's CM/ECF system or otherwise. Thus, this motion should be denied.

      **THEREFORE, IT IS ORDERED** as follows:

    1.  That the **Motion for Disclosure Pursuant to Rule 404(b) and 609, Federal Rules of Evidence** [#86] filed February 11, 2010, is **DENIED** as moot;

    2.  That the **Motion To Disclose And Produce *Brady* (Exculpatory) Material** [#87] filed February 11, 2010, is **DENIED** as moot;

    3.  That the **Motion for Preservation of Tapes And Notes** [#88] filed February 11, 2010, is **DENIED**;

    4.  That the **Request for Notice by Government of Intent To Introduce Evidence Pursuant to Rule 807, F.R.E.** [#89] filed February 11, 2010,is **DENIED** as moot;

    5.  That the **Motion for Production of *Bruton* And 801(D)(2)(e)** (sic) **Materials And Motion for Pretrial Determination of Alleged CoConspirator Statements** [#90] filed February 11, 2010, is **DENIED**; and

6.  That the **Motion To Compel Disclosure of Existence And Substance of Promises of Immunity, Leniency or Preferential Treatment** [#91] filed February 11, 2010, is **DENIED**.

Dated December 3, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge